FILED by KS D.C.

Aug 31, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **21-60251-CR-BLOOM/VALLE**

21 U.S.C. § 841(a)(1)
18 U.S.C. § 924(c)(1)(A)

UNITED STATES OF AMERICA

vs.

TACCULAR ANDY MATTHEWS,

Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
### Distribute a Controlled Substance
### (21 U.S.C. § 841(a)(1))

On or about July 12, 2021, in Broward County, in the Southern District of Florida, the defendant,

**TACCULAR ANDY MATTHEWS,**

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

## COUNT 2
### Distribute a Controlled Substance
### (21 U.S.C. § 841(a)(1))

On or about July 19, 2021, in Broward County, in the Southern District of Florida, the defendant,

**TACCULAR ANDY MATTHEWS,**

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(B), it is further alleged that this violation involved forty (40) grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

Pursuant to Title 21, United States Code, Section 841(b)(1)(B), it is further alleged that this violation involved ten (10) grams or more of a mixture and substance containing a detectable amount of para-fluorofentanyl, a Schedule I controlled substance analogue as defined in Title 21, United States Code, Section 802(32)(A), knowing that the substance was intended for human consumption as provided in Title 21, United States Code, Section 813.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

## COUNT 3
### Distribute a Controlled Substance
### (21 U.S.C. § 841(a)(1))

On or about August 19, 2021, in Broward County, in the Southern District of Florida, the defendant,

**TACCULAR ANDY MATTHEWS,**

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States

Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

### COUNT 4
### Possess with Intent to Distribute a Controlled Substance
### (21 U.S.C. § 841(a)(1))

On or about August 24, 2021, in Broward County, in the Southern District of Florida, the defendant,

**TACCULAR ANDY MATTHEWS,**

did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

### COUNT 5
### Possessing a Firearm in Furtherance of a Drug Trafficking Crime
### (18 U.S.C. § 924(c)(1)(A))

On or about August 24, 2021, in Broward County, in the Southern District of Florida, the

defendant,

**TACCULAR ANDY MATTHEWS,**

did knowingly carry a firearm during and in relation to a drug trafficking crime, and did knowingly possess a firearm in furtherance of a drug trafficking crime, for which the defendant may be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Section 841(a)(1), as set forth in Count 4 of this Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **TACCULAR ANDY MATTHEWS,** has an interest.

2. Upon conviction of a violation of Title 21, United States Code, Section 841, as alleged in this Indictment, the defendant shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of, such offense, pursuant to Title 21, United States Code, Section 853.

3. Upon conviction of a violation of Title 18, United States Code, Section 924, as alleged in this Indictment, **TACCULAR ANDY MATTHEWS,** shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 924(d)(1), any firearm and ammunition involved in or used in the commission of such violation.

4. The property which is subject to criminal forfeiture includes, but is not limited to, the following:

    (a)    One (1) Glock 19, 9mm firearm, bearing serial number KHP942, and

    (b)    Approximately fifteen (15) rounds of 9mm ammunition.

All pursuant to Title 21, United States Code, Section 853, and Title 18, United States Code, Section 924(d)(1), and the procedures set forth at Title 21, United States Code, Section 853, as made applicable by Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

*Thomas J. Mulrihill for*
JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

AJAY J. ALEXANDER
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

TACCULAR ANDY MATTHEWS,

　　　　　Defendant.　　　　　/

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY\***

Superseding Case Information:

**Court Division:** (Select One)

- [ ] Miami
- [ ] Key West
- [x] FTL
- [ ] WPB
- [ ] FTP

New defendant(s)  [ ] Yes  [ ] No
Number of new defendants _____
Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.
3. Interpreter: (Yes or No) **No**
   List language and/or dialect _____
4. This case will take __3__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    0 to 5 days       [x]
   - II   6 to 10 days      [ ]
   - III  11 to 20 days     [ ]
   - IV   21 to 60 days     [ ]
   - V    61 days and over  [ ]

   (Check only one)
   - Petty         [ ]
   - Minor         [ ]
   - Misdemeanor   [ ]
   - Felony        [x]

6. Has this case previously been filed in this District Court? (Yes or No) **No**
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) **No**
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No) **No**

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No**
8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**
9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No**

_____
AJAY J. ALEXANDER
Assistant United States Attorney
Court ID No.     A5502506

\*Penalty Sheet(s) attached

REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**     TACCULAR ANDY MATTHEWS

Count 1

Distribution of a Controlled Substance

Title 21, United States Code, Section 841(a)(1)

**\*Max. Penalty:** 20 Years' Imprisonment; $1,000,000 Fine; Supervised Release of 3 Years up to Life

Count 2

Distribution of a Controlled Substance

Title 21, United States Code, Section 841(a)(1)

**\*Max. Penalty:** 40 Years' Imprisonment with a Mandatory Minimum of 5 Years' Imprisonment; $5,000,000 Fine; Supervised Release of 4 Years up to Life (Fentanyl and Para-Fluorofentanyl)

20 Years' Imprisonment; $1,000,000 Fine; Supervised Release of 3 Years up to Life (Heroin)

Count 3

Distribution of a Controlled Substance

Title 21, United States Code, Section 841(a)(1)

**\*Max. Penalty:** 20 Years' Imprisonment; $1,000,000 Fine; Supervised Release of 3 Years up to Life

Count 4

Possession with Intent to Distribute a Controlled Substance

Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C)

**Max. Penalty:** 20 Years' Imprisonment; $1,000,000 Fine; Supervised Release of 3 Years up to Life

Count 5

Possession of a Firearm In Furtherance of a Drug Trafficking Crime

Title 18, United States Code, Section 924(c)(1)(A)

**\*Max. Penalty:** Life Imprisonment with a Mandatory Minimum Consecutive Term of 5 Years' Imprisonment; $250,000 Fine; 5 Years' Supervised Release

**Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**