UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-60251-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TACCULAR MATTHEWS,

    Defendant.

_____

## **DETENTION ORDER**

Pursuant to 18 U.S.C. § 3142(f), on August 27, 2021, the undersigned held a hearing to determine whether the Defendant Taccular Matthews should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the safety of the community. Therefore, it is hereby ordered that Defendant Taccular Matthews be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), this Court hereby makes the following findings of fact and statement of reasons for the detention:

1. **18 U.S.C. § 3142(g)(1) -- Nature and Circumstances of the Offense.**

Defendant is charged by way of Criminal Complaint[1] with three counts of distribution of a

---

[1] Defendant was subsequently indicted (Case No. 21-60251-BLOOM). However, at the time of the detention hearing no indictment had yet been returned. The 924(c) charge was not a part of the complaint, but the facts supporting the charge were proffered at the

controlled substance (heroin and fentanyl), one count of possession with intent to distribute heroin and fentanyl, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. §§ 841 and 924(c).  The most serious drug charge carries a maximum penalty of forty (40) years' imprisonment with a five (5) year mandatory minimum sentence; the other three drug counts carry a maximum of twenty (20) years' imprisonment; and the 924(c) charge carries a maximum of life imprisonment with a five (5) year minimum.  The 924(c) sentence must run consecutive to any other sentence.  The Government estimated Defendant's guidelines to be 138-157 months, plus a mandatory consecutive 60 months for the 924(c) count.  A rebuttable presumption arises based upon a probable cause finding that a defendant committed an offense under Title 21 with a maximum penalty of ten years or more (Counts 1-4) or a 924(c) charge. 18 U.S.C. § 3142(e)(3)(A) and (B).  Based on the proffer and evidence presented at the hearing, this Court finds that the Government has established probable cause in this case, therefore the presumption applies.  18 U.S.C. § 3142(g) (1).

    2.  **18 U.S.C. § 3142(g) (2) -- Weight of the Evidence**.  The weight of the evidence against this Defendant is strong.  At the hearing, the Government proceeded by way of proffer, with DEA Special Agent Romary Corneille then made available for cross-examination.  The evidence shows that on July 12, 2021, an undercover officer (UC) ordered one half ounce of heroin from Defendant.  Surveillance officers observed Defendant exit a residence and travel to the sale location.  Defendant exchanged 16.5 grams of suspected heroin for $1,500.  The substance tested positive for fentanyl.  On

---

hearing, and the grand jury subsequently indicted Defendant on this charge.

July 19, 2021, the UC arranged another sale. Surveillance observed Defendant with a minor child traveling to the deal. Defendant then sold approximately 55 grams of suspected fentanyl to the UC for $5,000. He advised the UC that he obtained the substance "by the brick," apparently indicating kilogram quantities. The substance tested positive for fentanyl and an analog. On July 30, 2021, Defendant and the UC discussed future transactions, and on August 18, 2021, confirmed a meeting. The next day, officers observed Defendant travel to the meet with a minor child in his car. Defendant drove to the designated location and exchanged approximately 31 grams of suspected heroin for $2,800. The substance tested positive for fentanyl. On August 24, 2021, agents executed an arrest warrant based on a criminal complaint. Upon seeing police Defendant attempted to flee but was quickly apprehended. He was carrying a bag with one ounce of fentanyl and a loaded Glock pistol. Subsequent searches of Defendant's residence and a storage area rented by Defendant revealed a rifle, two handguns, multiple full magazines (including an extended magazine for a Glock 9mm handgun), and a bag containing US currency.    18 U.S.C. § 3142(g)(2).

       3.   **18 U.S.C. § 3142(g)(3) -- History and Characteristics of the Defendant.** Taccular Matthews was born in 1988 in Broward County. He reports that he resides in Lauderdale Lakes with his grandmother. Defendant's father lives in Jamaica, and his mother resides in Port Saint Lucie. He has two adult siblings. He is single and has three minor children. He received his GED and has taken some courses at BCC. He owns a business, Matthews Pressure Cleaning. He reports medical issues related to nerve damage in his face, migraines, and sleep apnea. He has no history of

mental health problems.  He reports daily use of marijuana.  He has multiple arrests, and convictions for possession with intent to sell marijuana, grand theft, and leaving the scene of an accident with injuries.   A number of friends and family members appeared in court on Defendant's behalf and were available to assist with any bond that might be set. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. **18 U.S.C. § 3142(g)(4) -- Danger to any Person or the Community.** Based upon the statutory presumption and the unrebutted proffered evidence, which alleges that Defendant was the source for multiple heroin or fentanyl deals and possessed firearms and ammunition, as well as his criminal history, the undersigned finds that Defendant would pose a danger to the community if released.  The undersigned notes that on two occasions Defendant apparently brought a minor child to a drug transaction.  Based upon his strong ties to the community as evidenced by the friends and family members who came to court on his behalf, the undersigned finds that Defendant has rebutted the statutory presumption regarding flight and therefore finds that Defendant does not pose a risk of flight.   18 U.S.C. § 3142(g)(4).

5. Based upon the above findings of fact, which were supported by the appropriate evidentiary standards (clear and convincing for danger to the community; preponderance for flight risk), this Court specifically finds that there are no conditions or combination of conditions of release that reasonably will assure the safety of any other person and the community.   18 U.S.C. § 3142(e).

The Court hereby directs:

(a)   That the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b)   That the Defendant be afforded reasonable opportunity for private consultation with counsel; and

(c)   That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this 2nd day of September, 2021.

Copies to:   All counsel of record

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE