UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO: 21-60251-CR-BLOOM**

UNITED STATES OF AMERICA,

vs.

TACCULAR A. MATTHEWS,
    Defendant.
_____/

**DEFENDANT'S MOTION TO SET BOND**
**(MOTION FOR RECONSIDERATION)**

    COMES NOW Defendant, Taccular Matthews, by and through undersigned counsel hereby respectfully requests that this Honorable Court set bond and release the defendant pending trial or plea. In support of the foregoing, the Defendant respectfully submits the following:

    1. The defendant is charged by Indictment [D.E. 6] with Counts 1-3. Distributing a controlled substance (detectable amount of fentanyl and heroin), Count 4. Possession with Intent to Distribute a Controlled Substance (detectable amount of fentanyl and heroin), Count 5. Possessing Firearm in Furtherance of a Drug Trafficking Crime.

    2. On August 27, 2021, Magistrate Judge Hunt held a detention hearing. The defendant was ordered detained based upon a finding that the defendant would pose a danger to the community if released. [D.E. 9]. However, the court found that the defendant rebutted the statutory presumption regarding risk of flight and found that the defendant does not pose a risk of flight.

1

3. The defendant is being detained at the Conte Facility in Broward County. The Broward County Jail facilities have had continuing issues with Covid-19, and variant, inmate infections. The defendant was set for arraignment on September 8, 2021. Arraignment had to be reset due to the defendant being in quarantine. A new date was set for September 22, 2021. However, the defendant remained in quarantine and that date was cancelled. Arraignment was then set for September 29, 2021. Counsel was then notified that the defendant remained in quarantine and a new date has been set for October 13, 2021.

4. Covid-19 conditions in the Broward County jail system has prompted the ACLU to file a motion seeking to enforce and modify a consent decree requiring the Broward Sheriff's Office to improve Covid conditions for those currently detained. [1] (See, Exhibit A, ACLU press release, September 21, 2021).

5. The defendant suffers from sleep apnea which places him at a greater risk for contracting Covid-19, especially if it goes untreated and without the use of CPAP. See, https://www.webmd.com/lung/news/20210518/sleep-apnea-raises-odds-for-severe-covid-19#1 (last visited August 29, 2021). On September 8, 2021, undersigned counsel's office contacted the medical division for the jail and requested that he be seen and provided a CPAP machine. As of the filing of this motion the defendant has been seen by a nurse, but has not been provided a CPAP machine.

6. The defendant would proffer that considering the magistrate judge's finding that he rebutted the statutory presumption regarding risk of flight and found that he does not pose a risk of flight, there are conditions that can be imposed that would ensure any concerns about his danger to the community. These measures would also ensure that the defendant would be in a safe medical environment while

---

[1] Cody Barnett, et al. v. Gregory Tony, Case No. 0:20-cv-61113-WPD

awaiting trial or resolution in this matter. Additionally, his release may assist in avoiding further delays as it seems on a weekly basis inmates are placed back in quarantine as new detainees are introduced into the jail population that test positive for Covid-19.

      7. The defendant would proffer that he and his family will co-sign a personal surety bond. His mother and grandmother are homeowners who are willing to sign on a bond. Both continue to be supportive of the defendant. As noted in the detention order, and relied upon by the court, many of his family and friends came to court on his behalf. The court can place the defendant under the supervision of pretrial with a GPS monitor along with significant restrictions on his movement and time out of the house.

      8. Undersigned counsel has discussed this request with AUSA Ajay Alexander. Mr. Alexander advised that he is opposed to the motion based upon the reasons as set forth in the detention order.

      WHEREFORE, the defendant, respectfully requests that this Honorable Court grant this motion and set conditions of release for the defendant.

      Respectfully submitted,

/s/ *Sidney Z. Fleischman*
Fleischman & Fleischman, P.A.
Sidney Z. Fleischman
800 E. Broward Blvd., Suite 402
Ft. Lauderdale, FL 33301
Phone 954-523-7223
Fax   954-523-4840
Fla. Bar No.: 762962
Email: sf@ffjustice.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing unopposed motion to continue was electronically filed with the Clerk of Court using CM/ECF and served this 28th day of September, 2021, on the U.S. Attorney's Office, Fort Lauderdale, Florida.

                                                 /s/ *Sidney Z. Fleischman*
                                                    Sidney Z. Fleischman

# **EXHIBIT A**

# **ACLU ARTICLE (BCJ LAWSUIT MOTION)**



# CIVIL RIGHTS GROUPS REPRESENTING PEOPLE DETAINED AT THE BROWARD JAIL ASK COURT TO ENFORCE ITS ORDER REQUIRING HEALTH AND SAFETY PRECAUTIONS AGAINST COVID-19

**DESPITE THE CONTINUED SURGE OF COVID-19 CASES, THE JAIL HAS FAILED TO IMPROVE HEALTH CONDITIONS FOR ITS STAFF AND THE THOUSANDS OF INCARCERATED PEOPLE IN ITS CUSTODY AS MANDATED BY A 2021 CONSENT DECREE**

SEPTEMBER 21, 2021

FORT LAUDERDALE, Fla. — The American Civil Liberties Union of Florida, the ACLU, Disability Rights Florida, and Sullivan & Cromwell LLP filed a motion asking a federal district court to enforce and modify a class-action consent decree requiring the Broward Sheriff's Office (BSO) to improve COVID conditions for people currently detained in Broward County Jail.

The class of incarcerated people and BSO reached a settlement agreement in November 2020. In May 2021, a federal district court later approved it and ordered compliance with the agreement. The consent decree required BSO to improve conditions in the jail to protect over 3,400 incarcerated people from widespread infection. These measures include housing the medically vulnerable in a way that accommodates CDC-recommended social distancing, testing both incarcerated people and jail staff for COVID-19, quarantining those who either test positive for COVID-19 or come into contact with a positive case, and supplying incarcerated people with personal protective equipment.

Despite agreeing to the settlement in May 2021, BSO has not complied with many of its provisions and there is a growing outbreak of COVID-19 cases.

Substantial evidence, including a medical expert's report, sworn statements from people currently held at the jail, and BSO's own admissions, shows that BSO, among other things, failed to implement testing as recommended by the CDC, failed to provide adequate symptom screening for the medically vulnerable, failed to provide sufficient unbiased education on COVID prevention (including information on vaccination), and failed to provide adequate PPE to incarcerated people and staff alike.

"Broward County Jail has had sufficient time to fulfill the provisions they agreed to months ago," said **Benjamin Stevenson of the ACLU of Florida**. "Its failure to provide adequate health and safety measures has placed the lives of thousands of people in their custody at risk, most of whom are detained pretrial and have not been convicted of any offenses."

In addition to asking the judge to ensure that BSO abides by the agreement, the settlement class also seeks to update the terms of the settlement to include provisions for vaccine distribution, to remedy the low levels of vaccination at the jail. Since the settlement was first proposed to the court, several vaccines were made available to the American public. In an effort to reach those hesitant about taking the vaccine and raise vaccination rates, the settlement class now asks that the court's order include requirements that the jail regularly undertake active vaccination drives, and also offer non-punitive incentives to encourage vaccination participation.

"The Broward County Jail is not a safe place for the people who are forced to live there, especially without access to proper PPE or vaccines," said **Nancy Rosenbloom, a senior lawyer with the ACLU National Prison Project**. "Jail leadership needs to step up and take urgent and badly needed steps to protect people locked up in crowded conditions in the jail from this deadly pandemic."

The incarcerated population is increasingly at risk for death and serious injury because of COVID-19. Infection numbers continue to skyrocket in facilities all over the country, including at the jail. On July 18, 2021, BSO reported only one positive case of COVID-19 in the jail. On Aug. 18, one month later, BSO

reported 36 positive cases. By Sept. 15 the number had grown to 180 positive cases (likely an undercount because of insufficient testing). Both detained people and staff are falling very ill, and some have died from the virus.

"The Broward County Jail continues to expose individuals with disabilities and medically vulnerable individuals to an unreasonable risk of contracting COVID-19," said **Curtis Filaroski, a senior staff attorney with Disability Rights Florida**. "These individuals are particularly vulnerable to this virus, and we are concerned that even more people will die in the jail due to the Jail's inadequate response to the most recent Delta variant outbreak. Serious action needs to be taken to comply with the provisions of the Consent Decree and protect these vulnerable populations."

A copy of the motion can be viewed here: https://www.aclufl.org/sites/default/files/130_barnetts_mot._to_enforce_modify.pdf

## CONTACT INFORMATION

media@aclu.org
125 Broad Street
18th Floor
New York, NY 10004
United States
(212) 549-2666

## RELATED ISSUES

Medical and Mental Health Care

Prisoners' Rights

# STAY INFORMED

Case 0:21-cr-60251-BB   Document 16   Entered on FLSD Docket 09/29/2021   Page 9 of 9

9/29/21, 12:25 PM       Civil Rights Groups Representing People Detained at the Broward Jail Ask Court to Enforce its Order Requiring Health and Safet…

Your email address

ZIP code

## JOIN OUR NEWSLETTER