UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60251-BLOOM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

TACCULAR MATTHEWS,

       Defendant.
_____

### ORDER ON MOTION FOR RECONSIDERATION OF DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on August 27, 2021, the undersigned held a hearing to determine whether the Defendant Taccular Matthews should be detained prior to trial. ECF No. 5. At the conclusion of the hearing, having considered the factors enumerated in 18 U.S.C. § 3142(g), the undersigned found that no condition or combination of conditions will reasonably assure the safety of the community, and therefore ordered that Defendant be detained. The undersigned found that Defendant had rebutted the presumption related to risk of flight and denied the motion on this ground. The undersigned entered a written order ("the Order") on September 2, 2021, setting forth findings of fact and a statement of reasons for the detention. ECF No. 9. Defendant did not appeal the Order. However, On September 29, 2021, Defendant filed a Motion to Set Bond (Motion for Reconsideration) requesting release. ECF No. 16. The undersigned treats this motion as a motion for reconsideration of the Detention

Order.  The Government filed a Response in Opposition.  ECF No. 17.  The undersigned having reviewed the pleadings and the record, it is hereby ORDERED that the Motion to Reconsider is DENIED.

As a preliminary matter, a motion to reconsider a previously entered order is an "extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F.Supp.2d 1366, 1370 (S.D. Fla 2002)).  Reconsideration is only appropriate when one of three factors is present: 1) an intervening change of controlling law; 2) the availability of new evidence; or 3) the need to correct clear error or prevent manifest injustice.  *Id.*  Defendant cites to no new intervening law.  Rather, he points to the ongoing issues at Broward County Jail facilities in general, and the Conte facility in particular, related to the COVID-19 pandemic.  He also states that he suffers from sleep apnea, which places him at greater risk for contracting COVID-19 if left untreated.  Giving Defendant the benefit of the doubt, the undersigned will reconsider the evidence and applicable law.

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141, *et seq.*, sets forth the principles of law courts follow in determining whether to release or detain a defendant pending trial. *United States v. Giordano*, 370 F. Supp. 2d 1256, 1258-59 (S.D. Fla. 2005).  Pursuant to 18 U.S.C. §3142(e)(1), a defendant may be detained pending trial if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  In determining whether detention of a defendant pending trial is appropriate, a court must consider: 1) the nature and circumstances of the offenses charged; 2) the weight of the evidence against the

defendant; 3) the history and characteristics of the defendant; and 4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  *Id*.; 18 U.S.C. § 3142(g).

To begin with, there is a presumption of danger to the community in any case where the charged offense is an offense under Title 21 with a maximum penalty of ten years or more *or* a charge of possessing or using a firearm during and in relation to a drug trafficking crime or a crime of violence (18 U.S.C. §924(c)).  18 U.S.C. § 3142(e)(3)(A) and (B).  In this case, Defendant is charged with *four* qualifying Title 21 counts involving distribution of or possession with intent to distribute fentanyl and heroin (Counts 1-4). He is also charged with possessing a firearm during one of the heroin/fentanyl offenses. Therefore, the presumption clearly applies to him.

The basic facts of these offenses are summarized in the original Detention Order and are recited in detail in the Government's response, ECF No. 17.  The evidence supporting these facts is strong.  In sum, on July 12, 2021, Defendant sold 16.5 grams of heroin/fentanyl to an undercover officer.  On July 19, 2021, Defendant sold 55 grams of heroin/fentanyl to an undercover officer and told the officer that he obtained the drugs "by the brick," that is, in kilogram quantities.  Surveillance indicates that Defendant had a minor child in his car during this transaction.  On August 19, 2021, Defendant sold 31 grams of heroin/fentanyl to an undercover officer.  He again had a minor child with him in his vehicle.  On August 24, 2021, when officers attempted to arrest Defendant, he tried to flee but was apprehended.  He had an ounce of fentanyl and a loaded Glock pistol in his possession.  A search of Defendant's residence and a storage unit associated with

Defendant turned up a rifle, two handguns, multiple magazines and a bag containing US currency.

The Government correctly points out that Defendant does not challenge the above facts, which were the primary basis of the Court's previous ruling.  Rather, Defendant focuses on the allegedly dangerous conditions at the Broward County Jail and his proffered enhanced vulnerability due to sleep apnea.  (Defendant does not allege that he has contracted COVID-19 while in custody.)  He also again emphasizes the family support he demonstrated at the initial hearing.  The undersigned recognized this family support and found, despite a presumption to the contrary, that he did not pose a risk of flight.  But community ties do little to rebut the statutory presumption of danger to the community posed by armed drug trafficking.  Nor do they in any way erode the strength of the Government's clear and convincing evidence, including hand-to-hand sales to an officer, recordings, surveillance, and an arrest with more drugs and a gun in Defendant's possession.

The ACLU lawsuit referenced in Defendant's motion seeks better institutional compliance with a previously entered consent decree, including social distancing, testing, quarantining, and providing personal protective equipment for at-risk inmates.  It also calls for increased access to vaccines.  The undersigned fully supports all these demands and encourages Broward County Jail to live up to its commitment to maintain a safe environment for inmates, especially those with underlying medical conditions.

But the conditions at the jail do not change the realities of Defendant's alleged offense conduct.  The Court has a responsibility to protect the rights of the accused, but

also to protect the public. In this case, the balance clearly tips in the direction of safeguarding the public, and mandates detention. After considering all of the relevant factors, the undersigned initially concluded that Defendant poses a danger to the community under 18 U.S.C. §3142(e)(3)(A) and (B). The undersigned has reconsidered the reasons for ordering detention and has come to the same conclusion. Defendant presents a danger to the community. Accordingly, the Motion to Reconsider Pretrial Detention is DENIED.

      **DONE AND ORDERED** at Fort Lauderdale, Florida, this 6th day of October, 2021.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies to:   All counsel of record