UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60251-CR-BLOOM

UNITED STATES OF AMERICA,

vs.

TACCULAR ANDY MATTHEWS,

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Taccular Andy Matthews (hereinafter referred to as the "Defendant") enter into the following agreement:

1. The Defendant agrees to plead guilty to Counts 1, 3, 4, and 5 of the indictment. Count 1 and 3 charges distribution of a mixture and substance containing a detectable amount of heroin and fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). Count 4 charges possession with intent to distribute a mixture and substance containing a detectable amount of heroin and fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). Count 5 charges possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A).

2. This Office agrees to seek dismissal of Count 2 of the indictment, as to this Defendant, after sentencing.

3. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will

compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The Defendant also understands and acknowledges that the penalties are as follows:

- As to Counts 1, 3, and 4, this Court may impose a statutory maximum term of imprisonment of up to twenty (20) years, followed by a term of supervised release of three (3) years up to life. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $1,000,000.00 and may order forfeiture.

- As to Count 5, this Court must impose a minimum term of imprisonment of five (5) years up to life that must run consecutive to any other term of imprisonment imposed, followed by a term of supervised release of up to five (5) years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.00 and may order forfeiture.

5. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $400.00 will be imposed on the Defendant. The Defendant agrees that any special assessment

imposed shall be paid at the time of sentencing. If a Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this recommendation if the Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations

3

contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

8. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

9. The Defendant further agrees to forfeit to the United States voluntarily and immediately all property constituting, or derived from proceeds obtained, directly or indirectly, as a result of the violations and any property used, or intended to be used, in any manner or part, to commit or facilitate the commission of the violations. The property includes, but is not limited to the following:

    a) Approximately forty thousand one hundred and seventy-one dollars ($40,171.00) in United States currency;

    b) One (1) Apple iPhone, black in color;

    c) One (1) Apple iPhone, red in color;

    d) One (1) smartphone, black in color;

4

    e) Approximately one (1) men's 10 karat yellow gold bracelet;

    f) Approximately two (2) men's yellow Cuban link bracelet; and

    g) Approximately three (3) gold diamond ring.

10. The Defendant further agrees to forfeit to the United States voluntarily and immediately the following:

    a) One (1) Glock, Model 19, 9mm handgun, bearing serial number KHP942;

    b) One (1) Draco, 7.62 x 39 mm firearm, bearing serial number DB-4335-17;

    c) One (1) Sig Sauer, 9mm pistol, bearing serial number 58B160774;

    d) One (1) Glock, Model 26, 9mm handgun bearing serial number BEDK709;

    e) One (1) Pioneer, 7.62 x 39 mm firearm, bearing serial number 1132749;

    f) Approximately one hundred and twenty-nine (129) rounds of 7.62 x 39 mm ammunition;

    g) Approximately forty-two (42) rounds of 9mm ammunition;

    h) Approximately four (4) 7.62 x 39 mm rifle magazines;

    i) Approximately one (1) rifle butt stock;

    j) Approximately two (2) 9mm magazine;

11. The Defendant also agrees to fully cooperate with the Government in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the Defendant or others to the Defendant's knowledge have accumulated as a result of illegal activities. Such assistance will involve the Defendant's agreement to the entry of an order enjoining the transfer or encumbrance of assets that may be identified as being subject to forfeiture, [including but not

limited to those specific real and personal properties set forth in the forfeiture counts of the indictment]. Additionally, Defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.

12. The Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the assets in any judicial or administrative proceeding, including any claim or defense under the Eighth Amendment to the United States Constitution; waives any applicable time limits to the initiation of administrative or judicial proceedings, and waives any right to appeal the forfeiture.

13. The Defendant further agrees that forfeiture is independent of any assessments, fines, costs, restitution orders, or any other penalty that may be imposed by the Court.

14. The Defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the

United States appeals the Defendant's sentence pursuant to Sections 3742(b) and 1291, the Defendant shall be released from the above waiver of his right to appeal his sentence.

15. The Defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statutes to which the Defendant is pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statutes of conviction.

16. By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorney. The Defendant further agrees, together with this Office, to request that the Court enter a specific finding that the Defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

17. This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 1/07/2022          By: _____ for:
                              AJAY J. ALEXANDER
                              ASSISTANT UNITED STATES ATTORNEY

Date: 1/14/22            By: _____
                              SIDNEY ZALE FLEISCHMAN
                              COUNSEL FOR DEFENDANT

Date: 1/14/22            By: _____
                              TACCULAR ANDY MATTHEWS
                              DEFENDANT