UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60251-CR-BLOOM

UNITED STATES OF AMERICA,
　　Plaintiff.

vs.

TACCULAR MATTHEWS,
　　Defendant.
_____/

**DEFENDANT'S SENTENCING MEMORANDUM
AND MOTION FOR DOWNWARD VARIANCE**

Defendant, Taccular Matthews, through counsel, respectfully submits this sentencing memorandum in advance of his sentencing hearing on March 18, 2022.

**<u>INTRODUCTION</u>**

Mr. Matthews entered a guilty plea on January 7, 2022, to Count One, Three, Four, and Five of the Indictment. Count One and Three charged him with distribution of a mixture and substance containing a detectable amount of heroin and fentanyl, in violation of 21 U.S.C. § 841(a)(1). Count Four charged him with possession with intent to distribute a mixture or substance containing a detectable amount of heroin and fentanyl, in violation of 21 U.S.C. § 841(a)(1). Count Five charged him with possession of a firearm in furtherance of a drug trafficking crime in violation of 21 U.S.C. § 924(c)(1)(A). He has been in custody since August 25, 2021.

## ANALYSIS OF SENTENCING FACTORS UNDER 18 U.S.C. §3553 AND REQUEST FOR VARIANCE

The defendant's total offense level as determined by the PSR as to Counts One, Three, and Four, is 23 with a criminal history is category of II. This places the defendant in a recommended guideline imprisonment range of 51-63 months (4.25 – 5.25 years). As to Count Five, the court must impose a 60 month (5 year) sentence consecutive to the underlying offenses. Mr. Matthews respectfully requests that this court sentence him to a total sentence of no more than 78 months (6.5 years). The court may consider the mandatory consecutive sentence imposed under 924(c) when calculating a total and appropriate sentence for Counts One, Three, and Four. Dean v. United States, 137 S. Ct. 1170, 1178 (2017).

The sentencing guidelines are merely "advisory", and sentencing courts are required to consider all of the factors listed in 18 U.S.C. Section 3553(a) in imposing Dawkins' sentence. United States v. Booker, 543 U.S. 220, 245-246 (2005).  While this Court must calculate and consult the guideline range, that range does *not* generate a *presumptively-reasonable* sentence.  The Eleventh Circuit has held that "a district court may determine, on a case-by-case basis, the weight to give the Guidelines, so long as that determination is made with reference to the remaining section 3553(a) factors that the court must also consider in calculating the defendant's sentence."  United States v. Hunt, 459 F.3d 1180, 1185 (11th Cir. 2006).  The Court further held that "[w]hether, after consideration of section 3553(a) in its entirety, the court finds the Guidelines to be compelling is a fact-specific judgment that we neither mandate nor foreclose."  Id.

Considering the factors set forth in 18 U.S.C. §3553(a), the defendant suggests a total prison sentence of no more than **78 months (6.5 years)** followed by a term of supervised release is a reasonable and appropriate sentence in this case.

That statute provides:

The court shall impose a sentence ***sufficient, but not greater than necessary***, to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider –

(1)     the nature of the circumstances of the offense and the history and characteristics of the defendant;

(2)     the need for the sentence imposed –

(A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)     to afford adequate deterrence to criminal conduct;

(C)     to protect the public from further crimes of the defendant; and

(D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)     the kinds of sentences available;

(4)     the applicable category of offense committed by the applicable category of defendant as set forth in the Guidelines . . . .

(5)     any pertinent [Guidelines] policy statements . . . .

(6)     the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)     The need to provide restitution to any victims of the offense.

[Emphasis added.)

The primary directive under Section 3553(a) is that the court must impose a sentence that is "sufficient but not greater than necessary, to comply with comply with the purposes of sentencing." (Emphasis added).

The defendant suggests that the Court consider the following in support of his request:

Defendant's criminal history:

The defendant does not have a significant criminal history. As noted, the defendant has a total of three criminal history points. Those points are the result of three State cases where he received supervision sentences. He has never been sentenced to any prison time. His history shows that he has always complied and completed supervision and in two of the cases his supervision was terminated early. The defendant's only felony conviction was for possessing a stolen firearm. On all other charges he received with-hold of adjudications. His other charges consisted of possessing cannabis and in one instance leaving the scene of an accident.

The need for the sentence imposed to provide just punishment, afford adequate deterrence, protect the public from further crimes, and provide the defendant with needed rehabilitation

A total prison sentence of no more than 78 months provides just punishment and adequate deterrence. Such a term of imprisonment reflects the seriousness of his offenses and promotes respect for the law. Given the defendant's criminal history, and the fact that he has never before served a prison sentence, a 78 month prison sentence is significant and will have a major impact on the defendant. Such a sentence will without question provide deterrence to the defendant engaging in any future criminal conduct after his release. The suggested term also provides more than adequate protection from

the public that this court may perceive. The defendant is now 33 years of age. Upon his release from prison he will be almost 40 years old. Additionally, the defendant's conviction and sentence for violating 924(c) will make him ineligible under the First Step Act of 2018 to receive additional "earned time credits" towards his sentence. See, 18 U.S.C. § 3632(d)(4)(D)(xxii).   Therefore, the defendant will end up serving more time on any sentence imposed by this court.

Finally, the suggested term will allow for the defendant to receive needed rehabilitation including a drug program and any other educational programs the defendant will be allow to take advantage of while in the custody of BOP.

Defendant's strong family support:

The defendant has a very strong family support system. They will continue to support the defendant while he is incarcerated and will be there for him once he is released and begins his period of supervised release. As noted in the PSR, the defendant has two children, ages four and nine. The defendant is very close with them and has been a good father. Additionally, the defendant is close with his children's mothers and was providing support to them although not ordered to do so by a court. Anytime being away from his children, although due to his own doing, will add to any punishment he will receive in this case.

**Other requests of the court at the time of sentencing:**

The defendant is requesting that the court recommend to BOP he be placed in a facility in or near the State of Florida. All of the defendant's immediate family, including his children all reside in South Florida.

The defendant is requesting that the court recommend that he take part in the RDAP program, as well as a BOP Recidivism Reduction Program.

## **CONCLUSION**

For the foregoing reasons, defendant, Taccular Matthews, respectfully requests that this court impose a total sentence of no more than 78 months in prison, followed by a term of supervised release. Such suggested sentence is sufficient, but not greater than necessary, to comply with the purposes 18 U.S.C. §3553, and is a just and reasonable sentence in this case.

Respectfully submitted,

/s/Sidney Z. Fleischman
Fleischman & Fleischman, P.A.
Sidney Z. Fleischman
800 E. Broward Blvd., #402
Ft. Lauderdale, Florida 33301
Phone  954-523-7223
Fax   954-523-4840
Fla. Bar No. 762962
Email: sf@ffjustice.com

## **Certificate of Service**

I hereby certify that on the 13th day of March, 2022, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on the U.S. Attorney's Office, Miami, FL., and all counsel of record.

/s/   *Sidney Z. Fleischman*
    Sidney Z. Fleischman